**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dawn Marie Brown, | No. CV-22-01370-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Dawn Marie Brown's unopposed Petition for Approval of Attorney's Fees Under 42 U.S.C. § 406(b)(1). (Docs. 20, 21.) Section 406(b)(1) authorizes the recovery of reasonable attorney's fees from the award of past due benefits.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

Plaintiff prevailed in her appeal to this Court from the administrative law judge's

decision. (Doc. 18.) Plaintiff's Counsel does not provide the Court with the Notice of Award from the Social Security Administration ("SSA").* Plaintiff's Counsel attached a Declaration of Lisa J. Counters in Support of Supplemental 42 U.S.C. § 406(b) Fees as Exhibit 4. (Doc. 20 at 32–35.) Plaintiff's Counsel's declaration reads "[t]he Notice of Award reflects that SSA withheld 25% or $49,485.00 from the award of back benefits, for attorneys' fees." (*Id.* at 33 ¶ 3.) From that declaration, the Court infers the total award amounts to $197,940.00.

Plaintiff's Petition, however, contradicts this amount. (Doc. 20 at 1–7.) The Petition first asserts the total award is $151,300.40. (*Id.* at 1, 2, 5.) The Petition also asserts that the $22,453.46 fee sought constitutes 16.2% of the total award. (*Id.* at 4.) Yet, using the 16.2 percentage yields a total award of $138,601.61. Because Plaintiff's Counsel does not provide the Notice of Award nor consistently assert a total award, the Court cannot make a finding as to the total amount awarded to Plaintiff by the SSA.

The Court must ensure that any attorney's fees awarded are reasonable and do not exceed 25 percent of the total award. 42 U.S.C. § 406(b)(1); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Based on the evidence presented, the Court is unable to perform these functions.

**IT IS THEREFORE ORDERED** that the motion for attorney's fees (Doc. 20) is **denied** without prejudice.

Dated this 22nd day of January, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

---

* Plaintiff's Counsel references an October 5, 2024 Notice of Award and cites to Exhibit 1. (Doc. 20 at 2.) Plaintiff's Counsel instead attached an August 8, 2024 Notice of Decision—rendering a fully favorable decision (*id.* at 9–12), the Decision itself—finding Plaintiff disabled (*id.* at 13–24), and an Order of Administrative Law Judge—denying a fee agreement (*id.* at 25–26).